**Opinion filed July 25, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00295-CR

_____

## FREDRICK CALICUTT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-20-0255-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Fredrick Calicutt, of robbery and assessed his punishment at confinement for a term of fifteen years in the Institutional Division of the Texas Department of Criminal Justice.[1]  *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2019).  The jury additionally imposed a fine of $5,000.  The trial

---

[1]The trial court found Appellant to be indigent and appointed trial counsel, but Appellant waived his right to counsel and proceeded to trial pro se.

court ordered Appellant to pay court costs and fees totaling $445. In a single issue, Appellant asserts that the trial court erred in failing to determine on the record how his fines were to be discharged. He seeks a remand of this case so that the trial court can perform an inquiry on the record of his ability to pay the fine. We affirm.

*Background Facts*

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we only recite the facts that are necessary to address the issue that he has raised on appeal.

After sentencing, the trial court ordered Appellant to pay court costs totaling $290 and a reimbursement fee in the amount of $155. The trial court, having previously found Appellant to be indigent, found that Appellant was still indigent and informed Appellant that he would owe the $155 reimbursement fee but would not owe "the court appointed attorney's fees." The trial court's judgment states that, "[u]pon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's Office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

*Analysis*

In a single issue, Appellant asserts that the trial court erred in failing to determine on the record how the assessed fines would be discharged after it found Appellant to be indigent. Appellant does not contest the imposition of the fines and costs themselves.

Article 42.15 of the Texas Code of Criminal Procedure provides that:

(a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the

2

fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

> (1)     subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;

> (2)     discharged by performing community service under, as applicable, Article 43.09(f), Article 45.049, Article 45.0492, as added by Chapter 227 (H.B. 350), Acts of the 82nd Legislature, Regular Session, 2011, or Article 45.0492, as added by Chapter 777 (H.B. 1964), Acts of the 82nd Legislature, Regular Session, 2011;

> (3)     waived in full or in part under Article 43.091 or 45.0491; or

> (4)     satisfied through any combination of methods under Subdivisions (1)-(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2023).

Appellant contends that Article 42.15 requires that the trial court not only make an inquiry into a defendant's ability to pay on the record, but also make a determination of *how* the fines and costs are to be paid or discharged on the record (the determination). *See* CRIM. PROC. art. 42.15(a-1). Appellant asserts that the plain language of Article 42.15(a-1) requires the trial court to make a determination on the record as to whether the defendant shall pay all or part of the assessed fine and costs by a method or combination of methods in subsections (1)–(3). Conversely, the State asserts that the plain language of the statute does not require that the determination be made on the record.

We note at the outset that we recently addressed a similar contention in *Polanco v. State*, No. 11-23-00015-CR, 2024 WL 2194617, at *8–9 (Tex. App.—Eastland May 16, 2024, no pet.). The appellant in *Polanco* also asserted that a remand was necessary because the on-the-record requirement was absolute. *Id.* at *8. However, the trial court in *Polanco* also recited in its judgment, as it did in this

case, that "[u]pon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." *Id.* We concluded that this provision in the judgment rendered a remand unnecessary because it was apparent that the trial court had found that the appellant did not have sufficient resources or income to immediately pay the fines. *Id.* at *9. In *Polanco* we cited several opinions from our sister courts that have reached the same result. *Id.* at *9 n.5.

Today we reaffirm our holding in *Polanco* that an order in the trial court's judgment directing a defendant to pay the assessed fines and costs "upon release from confinement" is sufficient evidence of the trial court's inquiry finding and payment determination—even without an explicit inquiry on the record. *See id.* at *8–9. The same is true here. Appellant does not allege that the trial court's failure to strictly comply with the spirit of Article 42.15(a-1) prevented him from raising and developing a claim on appeal. *See Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.). Furthermore, there is evidence in the record that the determination Appellant now requests was in fact made because, consistent with Article 42.15(a-1)(1), the trial court's judgment includes an order that Appellant shall pay the assessed fines *after* his release from imprisonment, rather than immediately. *See Jones v. State*, No. 14-22-00495-CR, 2024 WL 848371, at *6 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.). Consistent with our prior decision, the trial court's finding of Appellant's indigency paired with the order contained in the judgment is sufficient to satisfy the requirements of Article 42.15. *See Polanco*, 2024 WL 2194617, at *8–9.

Because Appellant has not challenged the trial court's determination of when he is to pay the assessed fine, we conclude that remanding this cause to the trial court

merely for the purpose of reiterating the trial court's determination is unnecessary when the result already appears on the face of the record before us. *See id.*; *Sloan*, 676 S.W.3d at 241–42. To do otherwise would constitute a waste of judicial resources. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


July 25, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.